IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE FUSCO,

    Plaintiff,

v.

SONOMA COUNTY JUNIOR COLLEGE DISTRICT, et al.,

    Defendants
_____/

No. C-09-0114 MMC

**ORDER IN PART GRANTING AND IN PART DEFERRING RULING ON DEFENDANTS' MOTIONS TO DISMISS**

    Before the Court are two motions to dismiss: (1) Defendant Sonoma County Junior College District's ("District") Motion to Dismiss Plaintiff's Complaint, filed January 14, 2009; and (2) Defendants Cathy Burgett, Michael Salinger, and Steve Cohen's (collectively, "individual defendants") Motion to Dismiss Plaintiff's Complaint, filed April 3, 2009. Plaintiff Joanne Fusco has filed an opposition brief responding to both motions, and defendants have filed a joint reply. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

**A. Federal Claim**

    The sole federal claim alleged herein is plaintiff's Fifth Cause of Action, by which she alleges a claim under 42 U.S.C. § 1983.

    1. To the extent the Fifth Cause of Action is brought against the District, the claim is subject to dismissal without leave to amend. Specifically, the District, a community college school district, is an arm of the State of California, see Cerrrato v. San Francisco

---

[1] By order filed May 27, 2009, the Court took the motions under submission.

1 Community College Dist., 26 F.3d 968, 972 (9th Cir. 1994) (holding "community college
2 districts are dependent instrumentalities of the state"), and, accordingly, is not a "person"
3 within the meaning of § 1983, see Will v. Michigan, 491 U.S. 58, 70-71 (1988) (holding
4 § 1983 suits cannot be brought against states or state agencies).

5     2. To the extent the Fifth Cause of Action is brought against the individual
6 defendants, the claim is subject to dismissal with leave to amend.

7         a. Plaintiff's claim that she was constructively terminated in retaliation for
8 having engaged in First Amendment activity is subject to dismissal, for the reason plaintiff
9 fails to sufficiently identify any speech in which she engaged that addressed "matters of
10 public concern." See McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir. 1983).
11 Contrary to defendants' argument, however, the Court does not find plaintiffs' speech, as
12 currently pleaded, pertained solely to unprotected "individual personnel disputes and
13 grievances," see id., as the complaint is ambiguous in that regard. Accordingly, the Court
14 will afford plaintiff leave to amend to allege "sufficient factual matter" to support a finding
15 that the speech on which she bases her § 1983 claim involved matters of public concern.
16 See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (holding plaintiff alleging violation of
17 First Amendment must, in order to state a claim, "plead sufficient factual matter" to support
18 finding defendants violated plaintiff's "clearly established" First Amendment rights).

19         b. Plaintiff's claim that she was deprived of liberty and/or property, based on
20 her "encountering significant disruption of [her] class by several of its students" (see Compl.
21 ¶¶ 6, 35), is subject to dismissal. As defendants correctly argue, plaintiff has no federal
22 constitutional right to "a safe working environment." See Collins v. City of Harker Heights,
23 503 U.S. 115, 126 (1992). Further, plaintiff has failed to allege any facts, much less
24 "sufficient factual matter," see Ashcroft, 129 S. Ct. at 1948, to support a finding that the
25 alleged classroom "disruption" was the result of "conscience shocking" activity by any
26 defendant, see Collins, 503 U.S. at 128, or that any defendant "placed [plaintiff] in danger
27 through [his or her] affirmative conduct" and then failed to protect plaintiff from the danger,
28

see, e.g., Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1085 (9th Cir. 2000) (holding plaintiff created triable issue of fact as to deprivation of liberty interest where evidence supported finding "obviously" intoxicated plaintiff died from hypothermia after officers "ejected [plaintiff] from [a] bar in just a t-shirt in sub-freezing temperatures"). Again, the Court will afford plaintiff leave to amend to allege "sufficient factual matter," see Ashcroft, 129 S. Ct. at 1948, to support a finding the individual defendants violated plaintiff's clearly established rights with respect to any deprivation of liberty or property occurring as a result of allegedly disruptive student conduct.

**B. State Law Claims**

Plaintiff's First through Fourth Causes of Action arise under state law.

The Court will defer ruling on the sufficiency of plaintiff's remaining claims, pending amendment, if any, of plaintiff's federal claim. See 28 U.S.C. § 1367(c)(3) (providing where sole cause of action over which district court has original jurisdiction has been dismissed, the court may decline to exercise supplemental jurisdiction over remaining claims).

**CONCLUSION**

For the reasons stated above, defendants' motions to dismiss are hereby GRANTED, as follows:

1. The Fifth Cause of Action is hereby DISMISSED with prejudice to the extent it is alleged against the District, and is hereby DISMISSED with leave to amend to the extent it is alleged against the individual defendants.

2. To the extent the motions seek dismissal of the First, Second, Third, and Fourth Causes of Action, ruling is hereby DEFERRED.

3. Any First Amended Complaint shall be filed no later than June 19, 2009.

**IT IS SO ORDERED.**

Dated: June 1, 2009

MAXINE M. CHESNEY
United States District Judge