IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE FUSCO,

        Plaintiff,

  v.

SONOMA COUNTY JUNIOR COLLEGE DISTRICT, et al.,

        Defendants
                                   /

No. C-09-0114 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE**

      Before the Court is defendants Sonoma County Junior College District ("District"), Cathy Burgett ("Burgett"), Michael Salinger ("Salinger"), and Steve Cohen's ("Cohen") "Motion to Dismiss Plaintiff's First Amended Complaint," filed June 29, 2009. Plaintiff Joanne Fusco ("Fusco") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective filings, VACATES the hearing scheduled for October 2, 2009, and rules as follows.

      1. For the reasons stated by defendants, and as Fusco concedes (see Pl.'s Opp., filed September 11, 2009, at 7:19-20), the First Cause of Action, by which Fusco alleges a claim for wrongful discharge in violation of public policy, is subject to dismissal. See Miklosy v. Regents of the University of California, 44 Cal.4th 876, 900 (2008) (holding claim for wrongful termination in violation of public policy may not be brought against public entity

or against supervisors).

2. The Second Cause of Action, by which Fusco alleges violations of § 1102.5(a) and § 1102.5(b) of the California Labor Code, is subject to dismissal:

a. As defendants correctly observe, Fusco fails to allege any facts to support a finding she had "reasonable cause to believe" the District was acting in violation of any law, let alone that the District had a rule or policy against her making a disclosure of any such violation. See Cal. Labor Code § 1102.5(a) (providing employer may not make, adopt, or enforce rule preventing employee from disclosing information, where employee has reasonable cause to believe information discloses violation of state or federal statute, rule or regulation); Cal. Labor Code § 1102.5(b) (providing employer may not retaliate against employee for disclosing information, where employee has reasonable cause to believe information discloses violation of state or federal statute, rule or regulation).[1]

b. To the extent the Second Cause of Action is brought against the individual defendants, it is subject to dismissal for an additional reason. Specifically, the chapter of the Labor Code in which § 1102.5 is located distinguishes between an "employer" and "managers, officers, agents, and employees," see Cal. Labor Code § 1104 (providing "employer is responsible for the acts of his managers, officers, agents, and employees"), and only provides for liability on the part of the "employer." See Cal. Labor Code §§ 1102.5(a), 1102.5(b); cf. Reno v. Baird, 18 Cal.4th 640, 663 (1998) (holding "employer," for purposes of Fair Employment and Housing Act, does not include supervisors); see also Miklosy, 44 Cal.4th at 901 n.8 (declining to recognize common law claim for retaliation against supervisor; holding "in a retaliation case, it is the employer's adverse employment action that constitutes the substance of the tort, and the supervisor's action merges with that of the employer").

//

---

[1] Fusco's conclusory allegation that she was "seeking to have the [District] act lawfully and within statutory and regulatory requirements" (see First Amended Complaint ("FAC") ¶ 10) is insufficient to identify any state or federal statute, rule or regulation Fusco reasonably believed was being violated by the District.

2

3. The Third and Fourth Causes of Action, by which Fusco alleges, respectively, a claim for negligent infliction of emotional distress and a claim for intentional infliction of emotional distress, are subject to dismissal. Specifically, the claims are based on the individual defendants' supervision of Fusco's work, which conduct, as a matter of law, constitutes "a normal part of the employment relationship" and, consequently, any such common law claim, whether characterized as intentional or negligent in nature, is barred by the exclusive remedy provisions of California Workers' Compensation law. See Cole v. Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 160 (1987) (holding common law claim barred, where "misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances"). Further, as defendants correctly observe, the Fourth Cause of Action is subject to dismissal for the additional reason that a claim for intentional infliction of emotional distress cannot be based on "personnel management activity . . . even if improper motivation is alleged." See Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 80 (1996). Rather, where a plaintiff alleges "personnel management activity" is "improperly motivated," the plaintiff must seek remedies available by statute. See, e.g., id. at 61, 80 (holding where plaintiffs alleged they were terminated because they were over age of forty, plaintiffs could not proceed with common law claim for intentional infliction of emotional distress; rather, plaintiffs were limited to remedies available under statutes prohibiting age discrimination).

4. The Fifth Cause of Action, by which Fusco alleges a claim under 42 U.S.C. § 1983 based on the theory that the individual defendants retaliated against her in violation of her First Amendment rights, is not subject to dismissal to the extent it is alleged against Cohen, but is subject to dismissal to the extent it is brought against Burgett and Salinger:

    a. First, contrary to defendants' argument, the Court cannot find, from the face of the complaint, that plaintiff's alleged attempts to place on the agenda of a departmental meeting "issues relating to academic freedom, class assignment procedures, peer evaluations, duties regarding the chair and co-chair, nominations for department chair

3

1 and procedures for voting on faculty election day" (see FAC ¶ 4) constitute, as a matter of
2 law, unprotected speech. Although the issue of whether speech is "protected" is an issue
3 of law, see Connick v. Myers, 461 U.S. 138, 148 n.7 (1983), "[w]hether an employee's
4 speech addresses a matter of public concern must be determined by the content, form, and
5 context of a given statement, as revealed by the whole record," see id. at 147-48.  Here,
6 the limited record before the Court, specifically, Fusco's complaint, does not compel a
7 finding that Fusco was trying to raise "individual personnel disputes and grievances" as
8 opposed to matters of public concern.  See McKinley v. City of Eloy, 705 F.2d 1110, 1114
9 (9th Cir. 1983) (holding speech concerning "individual personnel disputes and grievances"
10 is "not of public concern," whereas speech concerning "issues about which information is
11 needed or appropriate to enable the members of society to make informed decisions about
12 the operation of their government" is protected; noting "free and open debate about the
13 operation of public schools is vital to informed decision-making by the electorate").

14 　　　　b.  Second, contrary to defendants' argument, the Court cannot find, from the
15 face of the complaint, Fusco was acting pursuant to her official duties when she attempted
16 to place items on the agenda.  See Garcetti v. Ceballos, 547 U.S. 410, 421 (2006) (holding
17 "when public employees make statements pursuant to their official duties, the employees
18 are not speaking as citizens for First Amendment purposes, and the Constitution does not
19 insulate their communications from employer discipline "); see, e.g., Freitag v. Ayers, 468
20 F.3d 528, 546 (9th Cir. 2006) (remanding to district court to make "factual determinations"
21 whether correctional officer's report to director of state prison agency was submitted
22 pursuant to her official duties).

23 　　　　c.  Third, contrary to defendants' argument, Fusco has adequately alleged
24 that Cohen subjected Fusco to an adverse employment action.  See Coszalter v. City of
25 Salem, 320 F.3d 968, 973 (9th Cir. 2003) (holding, to state claim for violation of First
26 Amendment, plaintiff must show defendant "took adverse employment action" against
27 plaintiff).  Specifically, Fusco alleges Cohen, the Dean of the department in which Fusco
28 was employed, subjected her to "disciplinary action," in the form of specified letters and

emails, which, Fusco alleges, caused her constructive discharge.  (See FAC ¶¶ 7, 10, 33.)

        d. Lastly, for the reasons stated by defendants, Fusco fails to allege any facts to support a finding that either Burgett or Salinger subjected her to an adverse employment action.  Fusco's conclusory allegation that Burgett and Salinger "discredited Fusco's ability and commitment to teaching and refused to protect her" is insufficient to give Burgett and Salinger notice of the nature of the adverse employment action(s) said defendants allegedly took against her.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (holding where plaintiff alleges violation of First Amendment, such plaintiff must, in order to state claim, "plead sufficient factual matter" to support finding defendant violated plaintiff's "clearly established" First Amendment rights).

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

    1. The First, Second, Third, and Fourth Causes of Action are hereby DISMISSED in their entirety, and the Fifth Cause of Action is DISMISSED to the extent such cause of action is alleged against Burgett and Salinger.

    2. In all other respects, the motion is DENIED.

    3. If Fusco elects to file a Second Amended Complaint for purposes of curing any of the deficiencies identified above, Fusco shall file such amended pleading no later than October 23, 2009.

    4. The Case Management Conference is hereby CONTINUED from October 16, 2009 to December 18, 2009.  A Joint Case Management Statement shall be filed no later than December 11, 2009.

**IT IS SO ORDERED.**

Dated:  September 30, 2009

                              MAXINE M. CHESNEY
                              United States District Judge