IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOANNE FUSCO,

        Plaintiff,

  v.

SONOMA COUNTY JUNIOR COLLEGE DISTRICT, et al.,

        Defendants

No. C-09-0114 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; AFFORDING PLAINTIFF LEAVE TO FILE THIRD AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE**

      Before the Court is defendants Sonoma County Junior College District ("District") and Steve Cohen's ("Cohen") "Motion to Dismiss Plaintiff's Second Amended Complaint," filed November 19, 2009. Plaintiff Joanne Fusco ("Fusco") has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

      Fusco is a former adjunct faculty member of the District. In her Second Amended Complaint ("SAC"), Fusco alleges that after she attempted to place on the agenda for a meeting items "relating to academic freedom, class assignment procedures, peer evaluations, duties regarding the chair and co-chair, nominations for department chair and

---

[1] By order filed January 28, 2010, the Court deemed the matter suitable for decision on the parties' respective filings and vacated the hearing scheduled for January 29, 2010.

procedures for voting on faculty election day" (see SAC ¶ 4), and after she complained to Cohen, the Dean, that some students in her class were "disruptive" and "might very well become violent," she was subjected to "disciplinary action," which, Fusco alleges, caused her to be constructively discharged (see FAC ¶¶ 7, 12). Based on such allegations, Fusco alleges a claim under 42 U.S.C. § 1983 and four causes of action arising under state law.

## DISCUSSION

By the instant motion, defendants seek dismissal of three of the state law claims in their entirety and, as to the fourth state law claim, dismissal in part.[2] The Court considers the state law claims in turn.

**A. First Cause of Action ("Breach of Statutory Duty")**

Fusco alleges that after "several" students in a Fall 2007 class she was teaching engaged in "significant disruption," such as telling her to "F- off" and slamming a door in her face, she met with Cohen and other supervisors about the students. (See SAC ¶ 6, Ex. 5.) According to Fusco, during the meeting, she "expressed concerns for her safety and for the stability of her [ ] classroom due to the disruptive students" and that she believed the students "might very well become violent." (See SAC ¶ 6.) Fusco also alleges that after the meeting, she did not return to her class, because she "feared for [her] personal safety," but did offer to return if either Cohen or a security officer would be in attendance. (See SAC Ex. 8-3.) Fusco further alleges that Cohen then told Fusco she "would not be permitted to continue teaching her assigned [ ] classes," and did so because she had complained that her classroom was "unsafe." (See SAC ¶¶ 9, 10.) Although, according to Fusco, the District "suggest[ed]" Fusco could teach in the following semester, Cohen's actions caused Fusco to be constructively discharged, in that she "had no choice but to refuse to return to her [ ] employment after she had been discharged from her [F]all class to avoid reasonably anticipated physical injury." (See SAC ¶ 13.)

//

---

[2] Defendants do not challenge the federal claim, which is alleged only against Cohen.

2

Based on the above allegations, Fusco alleges the District violated §§ 6310 and 6311 of the California Labor Code.

Section 6310 prohibits an employer from terminating an employee who has "made a bona fide oral or written complaint to . . . her employer . . . of unsafe working conditions." See Cal. Lab. Code § 6310(b). Section 6311 prohibits an employer from terminating an employee "for refusing to perform work in the performance of which [the Labor] [C]ode, including Section 6400, any occupational safety or health standard or any safety order . . . will be violated, where the violation would create a real and apparent hazard to the employee." See Cal. Lab. Code § 6311. Section 6400 provides that "[e]very employer shall furnish employment and a place of employment that is safe and healthful for the employees therein," see Cal. Lab. Code § 6400(a), which statute imposes upon an employer "the duty to adequately address potential workplace violence," see City of Palo Alto v. Service Employees Int'l Union, 77 Cal. App. 4th 327, 335-37 (1999).

Defendants do not argue Fusco has failed to sufficiently allege a violation of § 6310; in other words, defendants do not assert Fusco has not sufficiently alleged she was terminated because of a complaint of "unsafe working conditions." See Cal. Lab. Code § 6310(b). Consequently, defendants do not seek dismissal of the First Cause of Action to the extent it is based on such a claim. Rather, defendants argue that Fusco has failed to sufficiently allege a violation of § 6311, for the asserted reason that Fusco has not alleged that, had she returned to her classroom, she would have been subjected to a "real and apparent hazard" as result of the violation of an "occupational safety or health standard or any safety order." See Cal. Lab. Code § 6311.

To the extent defendants argue Fusco has not identified a "real and apparent hazard," the Court disagrees. Although the SAC does not include the term "real and apparent hazard," the SAC is fairly read as alleging that had Fusco returned to the classroom without the presence of the Dean or a security officer, she would have been subjected to the hazard of a violent act by one or more of the allegedly disruptive students. Indeed, as noted, defendants do not argue that Fusco has failed to sufficiently allege she

1 │ had reported unsafe working conditions existed in her classroom.

2 │ To the extent defendants argue Fusco has not identified a particular "occupational safety or health standard or any safety order" that would have been violated, the Court agrees. Nonetheless, such an allegation is not required. Defendants rely on Hentzel v. Singer Co., 138 Cal. App. 3d 290, 299 (1982), in which the California Court of Appeal noted that § 6311 protects an employee who "refus[es] to work only where some 'occupational safety or health standard or any safety order'. . . will be violated." See id. at 299 and n.6 (quoting § 6311). Section 6311 was subsequently amended, however, and now protects as well an employee who refuses to work where the work would occur under circumstances in violation of § 6400. See Cal. Lab. Code § 6311. Consequently, although a violation of a safety or health standard or safety order was necessary under the version of § 6311 considered in Hentzel, such violation is no longer required where, as here, a plaintiff's claim under § 6311 is based on an alleged violation of § 6400.

Accordingly, defendants have failed to show the First Cause of Action is subject to dismissal.

## B. Second Cause of Action ("Breach of Statutory Duty")

In addition to alleging she was constructively terminated after complaining about unsafe working conditions posed by certain of her students, Fusco, as noted, alleges she was subjected to a constructive termination because she had attempted to place certain issues on the agenda of a departmental meeting. In the Second Cause of Action, Fusco alleges the District subjected her to retaliation, both because of her attempts to place items of the agenda and her safety complaints, and that such retaliation violated § 1102.5(b) of the California Labor Code.

Section § 1102.5(b) provides that "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of [a] state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." See Cal. Lab. Code § 1102.5(b). "[S]ection 1102.5 is a whistleblower statute,

4

the purpose of which is to encourage workplace whistle-blowers to report unlawful acts without fearing retaliation." Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 288 (2006) (internal quotation, alteration, and citation omitted). To state such a claim, the plaintiff must demonstrate that the disclosure occurred in a "whistleblowing context." See Patten v. Grant Joint Union High School Dist., 134 Cal. App. 4th 1378, 1385 (2005) (holding principal could not base § 1102.5(b) claim on disclosure to assistant superintendent that male teacher "was peering into the girl's locker room"; finding disclosure did not "rise to level of blowing a whistle," where it "was made solely in the context of an internal personnel matter, rather than in the context of a legal violation").

Here, by order filed September 30, 2009, the Court dismissed with leave to amend certain of the claims alleged in the First Amended Complaint ("FAC"), including Fusco's claim that the District had violated § 1102.5(b). Specifically, with respect to Fusco's claim under § 1102.5(b), the Court found Fusco had failed to allege facts to support a finding that she had reasonable cause to believe the information she disclosed to the District constituted the disclosure of a violation of law. By their instant motion, defendants argue that the SAC fails to cure such deficiency. As set forth below, the Court agrees.

To the extent the claim is based on Fusco's attempts to place items of an agenda, Fusco has failed to cure the deficiency identified in the Court's September 30, 2009 order. Although Fusco alleges she attempted to place items on the agenda because she believed the Department was not in compliance with the terms of a contract (see SAC ¶ 4), such allegation is insufficient to support a claim under § 1102.5(b) because § 1102.5(b), as discussed above, prohibits retaliation against an "employee who reports a reasonably suspected violation of the law." See Collier v. Superior Court, 228 Cal. App. 3d 1117, 1123 (1991) (emphasis added).

To the extent the claim is based on Fusco's communication of safety concerns, the claim likewise remains deficient. As discussed above, Fusco alleges her communication about "disruptive" students constituted a complaint of "unsafe working conditions" for purposes of § 6310(b), and, as noted, defendants have not argued Fusco's allegations are

5

insufficient for such purpose. As defendants point out, however, § 1102.5(b) differs from § 6310 in significant respects. In particular, where, as here, an employee communicates to a government agency[3] the violation of a safety law, a determination as to whether § 1102.5(b) is applicable, or only § 6310, is dependent upon whether the communication was intended by the employee to be "whistleblowing" or only an "internal personnel matter." See Patten, 134 Cal. App. 4th at 1385; compare Cal. Lab. Code § 1102.5(b) (prohibiting discharge of employee for "disclosing information . . . where employer has reasonable cause to believe that the information discloses a violation") (emphasis added) with Cal. Lab. Code § 6310(b) (prohibiting discharge where employee has "[m]ade any . . . complaint . . . of unsafe working conditions") (emphasis added). Here, although Fusco has amended her pleadings to allege the presence of "disruptive students" in her classroom constituted a violation of § 6400 (see SAC ¶¶ 10, 22), the SAC contains no allegation as to Fusco's intent at the time she communicated her concerns about such conduct to the District. In other words, Fusco has failed to allege her purpose at the time of such communication was to "blow the whistle." See Patten, 134 Cal. App. 4th at 1385 (holding certain of plaintiff's whistleblower claims deficient "as a matter of law" where communications "[did] not show any belief on [plaintiff's] part that she was disclosing a violation of state or federal law in any sort of whistleblowing context").

Accordingly, the Second Cause of Action is subject to dismissal.

**C. Third Cause of Action ("Negligent Infliction of Emotional Distress")**

In the Third Cause of Action, Fusco alleges defendants "negligent[ly]" failed to permit Fusco to place items on the agenda (see SAC ¶¶ 5, 25, 26) and "negligent[ly]" failed to address Fusco's safety complaint (see SAC ¶ 26).

By order filed September 30, 2009, the Court dismissed Fusco's negligence claim,

---

[3]Where an individual is employed by a public agency, the communication on which a § 1102.5(b) claim is based may be one made to that same agency. See, e.g., Colores v. Board of Trustees, 105 Cal. App. 4th 1293, 1308, 1311-1313 (2003) (rejecting public university's argument that employee's § 1102.5(b) claim was subject to dismissal where employee reported other employees' wrongdoing to university's vice president, rather than to "some other government agency").

for the reason that Fusco had failed to plead facts to establish her claim was not barred by the exclusive remedy provisions of the California Workers' Compensation law. Defendants argue that Fusco, in the SAC, has not cured such deficiency. The Court agrees.

As discussed in the Court's September 30, 2009 order, common law claims by an employee, where based on "actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances," are barred by the exclusive remedy provisions of California Workers' Compensation law. See Cole v. Fair Oaks Fire Protection Dist., 43 Cal.3d 148, 160 (1987). Fusco, in the SAC, fails to allege any facts to support a finding that the District employee(s) who negligently failed to place Fusco's requested items on the agenda acted in a manner outside the "normal part of the employment relationship." See id. Further, Fusco fails to allege any facts to support a finding that Cohen, or any other District employee who is alleged to have negligently failed to address Fusco's concerns about disruptive students, engaged in conduct other than what the courts have held to be a "normal part of the employment relationship." See id.

Accordingly, the Third Cause of Action is subject to dismissal.

**D. Fourth Cause of Action ("Intentional Infliction of Emotional Distress")**

In the Fourth Cause of Action, Fusco alleges defendants intended to cause Fusco emotional distress when they engaged in the retaliatory conduct asserted in the SAC. (See SAC ¶¶ 29-32.)

By order filed September 30, 2009, the Court dismissed Fusco's claim for intentional infliction of emotional distress, for the reason that such a claim cannot be based on "personnel management activity," even where "improper[ly] motivat[ed]." See Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 61, 80 (1996) (holding where plaintiffs alleged they were terminated because they were over age of forty, plaintiffs could not proceed with claim for intentional infliction of emotional distress; rather, plaintiffs were limited to remedies available under statute prohibiting age discrimination). Defendants argue Fusco, in the SAC, has failed to cure this deficiency. Again, the Court agrees.

1 | In the SAC, Fusco's claim for intentional infliction of emotional distress is, as in the
2 | FAC, based on the theory that District employees acted with improper motivation when they
3 | engaged in the conduct that assertedly caused Fusco's constructive discharge. As set
4 | forth above, a claim for intentional infliction of emotional distress cannot be based on such
5 | allegations. See id.; see also Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1190 (C.D.
6 | Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many
7 | adverse personnel management decisions, is insufficiently extreme or outrageous to give
8 | rise to a claim for intentional infliction of emotional distress.").

Accordingly, the Fourth Cause of Action is subject to dismissal.

**E. Leave To Amend**

In its order of September 30, 2009, the Court, in considering the FAC, dismissed Fusco's claim under § 1102.5(b) and her claims for negligent and intentional infliction of emotional distress, and afforded Fusco leave to amend. As discussed above, Fusco has failed to cure the deficiencies in such claims.

Fusco has requested one additional opportunity to amend. With respect to Fusco's claim under § 1102.5(b), the Court finds it appropriate to afford Fusco the opportunity to amend to allege, if she can, that at the time she communicated the asserted safety violations, she had reasonable cause to believe a violation of law had occurred and that the purpose behind such communication was to expose it. With respect to Fusco's claims for negligent and intentional infliction of emotion distress, however, Fusco fails to identify any additional allegation she could make to cure the deficiencies therein, and no such potential allegation is apparent.

Accordingly, the Court will dismiss the Second Cause of Action with leave to amend, and will dismiss the Third and Fourth Causes of Action without further leave to amend.

//
//
//
//

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the Second, Third, and Fourth Causes of Action, the motion is GRANTED, and the Second, Third, and Fourth Causes of Action are DISMISSED. In the event Fusco wishes to file a Third Amended Complaint for purposes of amending her Second Cause of Action, Fusco shall file such pleading no later than February 19, 2010.

2. To the extent the motion seeks dismissal of the First Cause of Action as based on a violation of § 6311, the motion is DENIED.

In light of the above, the Case Management Conference is hereby CONTINUED from February 19, 2010 to April 23, 2010. A Joint Case Management Statement shall be filed no later than April 16, 2010.

**IT IS SO ORDERED.**

Dated: January 29, 2010

MAXINE M. CHESNEY
United States District Judge